[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PENDENTE LITE MOTIONS
There are a number of pendente lite motions for determination by the court at this time. The motions are as follows:
Plaintiff's Motion for Support filed with her complaint;
Defendant's Motion for Alimony (docket entry no. 105);
Defendant's Motion for Attorneys Fees (docket entry no. 104);
Plaintiff's Motion to Strike; and
Defendant's Motion for Contempt dated December 3, 2002.
The court rules on these motions as follows:
Plaintiff's Motion for Support Pendente Lite — granted;
Defendant's Motion for Alimony Pendente Lite — denied;
Defendant's Motion for Attorneys Fees — denied;
Plaintiff's Motion to Strike — granted; and
Defendant's Motion for Contempt — denied.
The court's reasoning and findings follow. The parties were married on October 21, 1991, in New York City. There are three children issue of this marriage: Dylan S. Hernandez born May 20, 1992, Victoria A. Hernandez born May 13, 1993, and Zachary A. Hernandez born June 26, 1995. The marriage of the parties was dissolved on June 8, 2001 (see docket no. FA00 037 67 22 S). The complaint was duly served upon the defendant on August 9, 2000, and a subpoena was served upon the defendant on June 6, 2001. The defendant chose not to appear and judgment was CT Page 4055 entered wherein custody of the minor children was granted to the plaintiff. The defendant was ordered to pay support in the amount of $118 per week and 15.7% of all unreimbursed medical expenses. On June 11, 2001, the plaintiff obtained a restraining order for relief from physical abuse. On June 22, 2001, the defendant filed an appeal in the Appellate Court from the judgment of dissolution. On July 18, 2001, defendant's appeal was dismissed. On July 24, 2001, the parties remarried. This action seeks a dissolution of the marriage of July 21, 2001.
The children continue to be in the plaintiff's custody. The plaintiff's sole income is from various trusts. Her net income as shown on her financial affidavit of February 25, 2003, is $5,085 per month. The defendant is employed by Cablevision and in the year 2002 his net earnings were $32,000. Based upon the Child Support Guidelines using the figures from defendant's exhibit 1, the proper figure for the defendant to pay to the plaintiff by way of support is $116 per week. The court orders the defendant to pay the plaintiff $116 per week effective October 22, 2002, and orders an immediate order for wage withholding. The plaintiff shall pay 83% of the unreimbursed medical expenses and the defendant shall pay 17% of the unreimbursed medical expenses.
 MOTION FOR ALIMONY PENDENTE LITE
The defendant is employed and is seeking alimony. The marriage of the parties is less than one and a half years in duration. The action for dissolution was commenced less than three months after their marriage. Having considered all of the factors of 846b-82 of the General Statutes other than the question of fault, the defendant's motion is denied.
 MOTION FOR ATTORNEYS FEES
The defendant is employed. He lives at home with his parents and therefore has no housing expense. He reports weekly expenses on his financial affidavit of $1,083. There are several large expenses that, if true, the defendant must reduce or eliminate (i.e., food at $350 per week, clothing $50.00 per week, clothing for the children $50.00 per week, entertainment for the children $200 per week, and $96.00 per week for gifts). He has already paid his counsel $12,200. He has the ability to pay his own attorneys fees. This motion is denied.
PLAINTIFF'S MOTION TO STRIKE
The plaintiff has moved to strike paragraph 1 of the defendant's cross complaint which alleges that the parties were married on October 9, 1991. That marriage was dissolved by a judgment of dissolution entered on CT Page 4056 June 8, 2001. The defendant's cross complaint does not state a claim upon which relief can be granted. The defendant argues that because the plaintiff has referred to the parties' previous marriage that this constitutes "a waiver of allegations and estops her from now claiming that the defendant cannot make the claim in his cross complaint." There is nothing in the plaintiff's complaint that constitutes any such waiver and there is no action taken by the plaintiff that demonstrates any estoppel. The plaintiff's Motion to Strike is granted. The defendant's objection therefore is overruled.
DEFENDANT'S MOTION FOR CONTEMPT
The defendant has moved to find the plaintiff in contempt for failing to abide by the Automatic Orders issued on October 1, 2002. Those Automatic Orders are effective with regard to the plaintiff upon the signing of the complaint which was October 1, 2002. On September 18, 2002, the plaintiff sold property in Stamford, Connecticut, which was the family home where the plaintiff and the parties' three children were residing. (See defendant's exhibit 4.) On October 3, 2002, the plaintiff purchased a home in Monroe in which the plaintiff and her three children presently reside. (See defendant's exhibit 5.) The plaintiff contracted to buy the Monroe home prior to October 1, 2002. The defendant had gone with the plaintiff looking for a new home for their children prior to that contract date. Since the defendant was very much aware of the plaintiff's anticipated purchase of this property, he cannot now claim that the plaintiff is in contempt of the Automatic Orders.
With his Memorandum of Law in Support of His Objection to the Plaintiff's Motion to Strike, the defendant has attached this court's Memorandum of Decision in the case of Dubinsky v. Dubinsky, docket no. 99-077 25 52, Superior Court, judicial district of Stamford in Norwalk, Lexis 2873. In this case the plaintiff sought modification of the Automatic Orders. The court denied the motion for modification. Thereafter, the plaintiff sold the securities for which she had sought CT Page 4057 the modification and the court found her in contempt. This is quite distinguishable from the case at bar in that the defendant knew that the plaintiff had contracted for the purchase of the Monroe property. In addition, the defendant has failed to demonstrate that the plaintiff wilfully and intentionally violated the Automatic Orders.
The Motion for Contempt is denied.
Orders shall enter in accordance with the foregoing.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
CT Page 4058